UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

YVENOR MORESCA and all others similarly )
situated under 29 U.S.C. 216(b),  )
 )
                  Plaintiff,  )
  vs. )
 )
VISUALSCAPE, INC., )
IVAN CARLOS VILA, )
 )
                  Defendants. )
_____ )

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME VIOLATIONS**

Plaintiff, YVENOR MORESCA on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this Complaint against Defendants, VISUALSCAPE, INC., and IVAN CARLOS VILA, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Palm Beach County, Florida at the time that this dispute arose.

3. The Defendant VISUALSCAPE, INC., is a Limited Liability Company that regularly transacts business within the Southern District of Florida, including Miami-Dade County. Upon information and belief, the Defendant Company was Plaintiff's FLSA employer for the respective period of employment ("the relevant time period").

4. The individual Defendant IVAN CARLOS VILA is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the

relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees, like Plaintiff, who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff YVENOR MORESCA worked for Defendants as a landscaper from on or about May 8, 2017 through on or about August 1, 2018.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected

interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years, 2016 and 2017.

13. Upon information and belief, the Defendant Corporation had gross sales or business done is expected to exceed $125,000 for the first 3 months of the year 2018 and is expected to exceed $500,000 for the year 2018.

14. Between the period of on or about May 8, 2017 through on or about August 1, 2018, Plaintiff worked an average of 65 hours a week for Defendant and was paid an average of $10 per hour but was not paid the extra half time rate for 16 of the average 25 hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for all hours worked above 40 in a week. [1]

---

[1] Plaintiff acknowledge that Plaintiffs' paystubs do reflect that Defendant paid some overtime, but not all overtime based on the actual hours worked by Plaintiff. *See,* 29 C.F.R. § 778.109; *See also,* 29 C.F.R. § 778.112.

15.     Between the period of on or about May 8, 2017 through on or about August 1, 2018, Plaintiff worked an average of 65 hours a week for Defendants and was paid an average of $10.00 per hour but was not paid at all for 9 of the average 25 hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims time and a half rate for each hour worked above 40 in a week.[2]

16.     Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiffs employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

> Respectfully Submitted,
> J.H. Zidell, Esq.
> J.H. Zidell, P.A.
> Attorney For Plaintiffs
> 300 71st Street, Suite 605
> Miami Beach, Florida 33141
> Tel: (305) 865-6766

---

[2] Plaintiff acknowledge that Plaintiffs' paystubs do reflect that Defendant paid some overtime, but not all overtime based on the actual hours worked by Plaintiff. *See,* 29 C.F.R. § 778.109; *See also,* 29 C.F.R. § 778.112.

                                        Fax: (305) 865-7167  
                                        Email: ZABOGADO@AOL.COM

                                  By:__/s/ J.H. Zidell_____  
                                       J.H. Zidell, Esq.  
                                       Florida Bar Number: 0010121