UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23208-CIV-WILLIAMS

YVENOR MORESCA, and all others
Similarly situated under 29 U.S.C.
216(b),

       Plaintiff,

v.

VISUALSCAPE, INC., and IVAN
CARLOS VILA,

       Defendants.

_____/

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT UNDER 29 U.S.C. 201-216 OVERTIME VIOLATIONS

    Defendants, Visualscape, Inc. ("Visualscape") and Ivan Carlos Vila ("Vila") (collectively, the "Defendants") by and through undersigned counsel, hereby file their Answer and Affirmative Defenses ("Answer") to Plaintiff's Complaint ("Complaint"), as follows:

    1.    In response to paragraph numbered 1 of the Complaint, Defendants admit that Plaintiff has brought an action against Defendants under the Fair Labor Standards Act ("FLSA"), but deny that there is any just cause for such action.

    2.    Defendants are without knowledge of, and therefore deny, the allegations contained in paragraph numbered 2 of the Complaint.

    3.    Defendants admit the allegations contained in paragraph numbered 3 of the Complaint.

4. Defendants deny the allegations contained in paragraph numbered 4 of the Complaint.

5. In response to the allegations contained in paragraph numbered 5 of the Complaint, Defendants admit that Miami-Dade County is the proper venue, but deny that any violations of law took place in Miami-Dade County or otherwise.

## RESPONSE TO COUNT 1-FEDERAL OVERTIME WAGE VIOLATION

6. Defendants deny the allegations contained in paragraph numbered 6 of the Complaint.

7. In response to the allegations contained in paragraph numbered 7 of the Complaint, Defendants admit that this Court has jurisdiction over this matter, but denies that there is any reason to invoke such jurisdiction.

8. In response to the allegations contained in paragraph numbered 8 of the Complaint, Defendants state that the FLSA speaks for itself, and therefore, paragraph numbered 8 does not require a response.

9. Defendants admit the allegations contained in paragraph numbered 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph numbered 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph numbered 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph numbered 12 of the Complaint.

13. Defendants are without knowledge of, and therefore deny, the allegations contained in paragraph numbered 13 of the Complaint.

14.     Defendants deny the allegations contained in paragraph numbered 14 of the Complaint, including Footnote 1.

15.     Defendants deny the allegations contained in paragraph numbered 15 of the Complaint.

16.     Defendants deny the allegations contained in paragraph numbered 16 of the Complaint.

17.     In response to the unnumbered WHEREFORE clause following paragraph 16 of the Complaint, Defendants admit that Plaintiff seeks the relief requested therein, but deny that Plaintiff is entitled to any such relief, or any relief whatsoever in this action.

18.     In response to the Plaintiff's demand for jury trial, Defendants admit that Plaintiff demands a trial by jury on all issues so triable, but deny that any such issues exist in this action.

19.     Defendants deny any allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action for unpaid overtime under the FLSA.

### SECOND AFFIRMATIVE DEFENSE

Defendants properly paid Plaintiff for all wages owed, including overtime pay, if any; therefore, Plaintiff is not entitled to the back pay or the unpaid wages claimed in this action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the provisions of Section 11 of the Portal-to-Portal Act, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

## FOURTH AFFIRMATIVE DEFENSE

Defendants are entitled to an offset from Plaintiff for any payment or overpayment of wages and commission, or any other monies Plaintiff may have received while employed by Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Defendants assert that any claims for overtime compensation by Plaintiff must be offset by any premium compensation, overpayments, bonuses of any type, compensatory time off, or other job related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for liquidated damages are barred because Defendants did not willfully violate and, in fact, acted in good faith regarding the requirements of the FLSA.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants assert that any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiff, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are de minimis and were properly disregarded for payroll purposes, in accordance with 29 C.F.R. § 785.47.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants assert that they are not subject to liability under the FLSA for any alleged failure to pay any compensation for "preliminary or postliminary activities," in accordance with Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254.

## NINTH AFFIRMATIVE DEFENSE

Defendants assert that some or all of Plaintiff's claims are barred by estoppel if Plaintiff represented to Defendants that Plaintiff worked the hours upon which Plaintiff was paid, and Defendants reasonably relied on Plaintiff's representations to its detriment.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel because Plaintiff willfully refused to comply with policies and procedures designed to prevent violations of the FLSA and to ensure payment of all overtime compensation which is due and owing.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has received all compensation Plaintiff is entitled to under the FLSA.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to keep track of Plaintiff's alleged overtime and failed to submit requests for payment of overtime, and, as such, has waived his claims for overtime compensation under the FLSA as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to follow reasonable time reporting procedures, thereby preventing Defendants from knowing their obligation to compensate Plaintiff and preventing Defendants ability to comply with the FLSA.

## FOURTEENTH AFFIRMATIVE DEFENSE

During Plaintiff's employment with Defendants, Plaintiff did not complain about any unpaid wages and/or overtime and agreed to Defendants calculations of the wages and overtime

paid to Plaintiff.  Accordingly, Plaintiff has waived his right to maintain an action for unpaid wages and/or overtime under the FLSA.

## RESERVATION OF DEFENSES

Defendants reserve their right to amend these affirmative defenses and/or to add additional affirmative defenses as this action continues.

**WHEREFORE**, having answered the Complaint herein and having raised affirmative defenses thereto, the Defendants request that the Complaint be summarily dismissed and that the Defendants be awarded their costs and reasonable attorney's fees incurred in defense thereof, and all other relief deemed just and proper.

**GRAY ROBINSON, P.A.**
333 SE 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile:  (305) 416-6887

By:\_\_\_\_/s/ Marlene Quintana_____
        Marlene Quintana, B.C.S.
        Florida Bar No. 88358
        marlene.quintana@gray-robinson.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:\_\_\_\_s/ Marlene Quintana_____
        Marlene Quintana, B.C.S.

# 2921328 v1

6